**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

**CASE NO. CASE NO. 26-61415-CV-DIMITROULEAS**

BOLTON MANAGEMENT, LLC, a
Florida Limited Liability Company
and DR. BRETT BOLTON, an individual

      Plaintiffs,

vs.

BRYAN GILE, an individual;

      Defendant.

_____/

**PLAINTIFF'S RESPONSE TO DEFENDANT'S AMENDED MOTION TO DISMISS**

COMES NOW Plaintiffs, BOLTON MANAGEMENT, LLC ("BOLTON MGMT") and

DR. BRETT BOLTON ("DR. BOLTON")(Collectively "Plaintiffs") by and through undersigned

counsel, hereby file their response to Defendant BRYAN GILE'S ("Defendant") Motion to

Dismiss and states as follows in support:

**A. PLAINTIFFS ADEQUATELY ALLEGED SUFFICIENT FACTS TO STATE A PLAUSIBLE BASIS FOR CAUSES OF ACTION FOR DEFAMATION AND DEFAMATION PER SE**

    **1. Plaintiffs Plead Defamatory Statements with Particularity and Sufficient Context.**

Defendant's argument that Plaintiff's Amended Complaint ("FAC") fails to allege defamatory

statements on the basis that the statements are not sufficiently identified and lack context

misconstrues both the pleading standard under Fed. R. Civ. P. 8(a) and established Florida

defamation law.

The pleading standard in a civil action requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The plausibility standard calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of the claim. *Williams v. Mia.-Dade Cty.*, 796 F. Supp. 3d 1125, 1129 (S.D. Fla. 2024) (internal citations omitted).

As recognized by the Defendant, in order to state a valid defamation claim under Florida law, Plaintiffs must plead (*not prove at the pleading stage*) (1) a false and defamatory statement of and concerning another; (2) an unprivileged publication to a third party; (3) fault on the part of the publisher; and (4) damages. *Mile Marker, Inc. v. Petersen Publ'g, L.L.C.*, 811 So. 2d 841, 845 (Fla. Dist. Ct. App. 2002). "A communication is "defamatory" if it tends to harm the reputation of another as to lower him or her in estimation of community or deter third persons from associating or dealing with the defamed party." *Id.*

"[W]hen pleading a Florida defamation claim in federal court, **the plaintiff must allege certain facts such as the identity of the speaker, a description of the statement, and provide a time frame within which the publication occurred. Beyond that, further factual pleading is not required by Rule 8…**" *Miracle Surrogacy, LLC v. Monello-Fuentes*, No. 25-cv-21575, 2026 U.S. Dist. LEXIS 20086, at *10-11 (S.D. Fla. Jan. 30, 2026) (citing *Five for Entertainment, S.A. v. Rodriguez*, 877 F. Supp. 2d 1321, 1328 (S.D. Fla. 2012); *Nationwide Relocation Servs. Inc. v. Walker*, 2008 U.S. Dist. LEXIS 131043, 2008 WL 11333712, at *6 (S.D. Fla. Feb. 29, 2008)).

As Plaintiffs need not plead more than a description of the defamatory statement, so long as the "**allegation gives the defendant fair notice of the plaintiff's claim and the ground which**

**THE LOMNITZER LAW FIRM, P.A.**
7999 N. Federal Hwy, Suite 202, Boca Raton, FL 33487 ● Telephone (561)953-9300● Fax (561)953-3455

**it rests, a plaintiff's defamation allegations are sufficient to survive a motion to dismiss**." *Banco Surinvest, S.A. v. SunTrust Bank, Atlanta*, 78 F. Supp. 2d 1366, 1370 (N.D. Ga. 1999) (quoting *Gould*, 1988 U.S. Dist. LEXIS 17434, 1998 WL 1017208, at *16); *see Malhotra v. Aggarwal*, No. 1:17-CV-24407, 2019 U.S. Dist. LEXIS 126266, 2019 WL 3425161, at *2 (S.D. Fla. July 30, 2019) (noting that a "description of the statement" or the "substance of the spoken words" will be sufficient to plausibly allege a defamation claim)." *Miracle Surrogacy, LLC v. Monello-Fuentes*, No. 25-cv-21575, 2026 U.S. Dist. LEXIS 20086, at *15 (S.D. Fla. Jan. 30, 2026).

As required, the FAC alleges in detailed factual paragraphs that Defendant published false statements about the Plaintiffs on a public platform, that the statements were defamatory and caused actual harm, and that the Defendant acted with malice or reckless disregard for the truth. FAC ¶¶ 13-16;37-46; 55-56 . Despite Defendant's "insistence that a complaint alleging defamation must include more than a description of the alleged statements, the Eleventh Circuit imposes no such requirement*." Miracle Surrogacy, LLC v. Monello-Fuentes*, No. 25-cv-21575, 2026 U.S. Dist. LEXIS 20086, at *15 (S.D. Fla. Jan. 30, 2026). As such, Plaintiffs' FAC includes the substance, medium, and context of each defamatory statement with more than sufficient particularity to apprise Defendant of the conduct at issue.

The FAC specifically describes the defamatory statements made by Defendant on Reddit.com ("Reddit"), in which Defendant falsely and maliciously indicated on numerous occasions that Plaintiff is a "*butcher"* or "*the Bolton butcher."* FAC ¶13-16. The FAC also sufficiently identifies Defendant as the speaker, by including Defendant's known Reddit pseudonyms, and indicates that a clear timeline of when the defamatory statements were made, following Defendant's 2025 hair transplant procedure performed by Plaintiff. FAC ¶13; 24-25. The FAC provides the substance of

**THE LOMNITZER LAW FIRM, P.A.**
7999 N. Federal Hwy, Suite 202, Boca Raton, FL 33487 ● Telephone (561)953-9300● Fax (561)953-3455

Defendant's defamatory statements, the identity of the speaker, and the timeframe in which it occurred; this information is more than sufficient for Defendant to identify the conduct alleged and for the Court to determine whether the statements are actionable at the pleading and motion to dismiss stage and demonstrates a raise a reasonable expectation that discovery will reveal the detailed evidence of this claim

When these allegations are taken as true and all reasonable inferences are drawn in Plaintiffs' favor – as required at this stage – the pleading thoroughly satisfies Rule 8(a) and defeats dismissal. *See Wiener v. Boca W. Country Club, Inc.*, 2025 U.S. Dist. LEXIS 186660, \*12 (S.D. Fla. 2025) (finding the amended complaint to state a claim for defamation that is plausible on its face where it alleged defendant made defamatory statements that were untrue, with knowledge of their falsity, resulting in damage to the plaintiff).

### 2.  Defendant's Statements Do Not Constitute Protected Speech

As set forth in the FAC, Defendant disseminated actionable, defamatory statements about Plaintiffs which Defendant postulated as factual in nature. Defendant now attempts to characterize their defamatory statements as mere "opinions" or "rhetorical hyperbole" to claim protection and circumvent liability. Defendant's statements indicating that Plaintiff is  a "*butcher*" or "*the Bolton butcher*" far exceed subjective opinions or rhetorical hyperbole; they accuse Plaintiffs of serious misconduct and falsely imply that Plaintiff is an incompetent or unqualified surgeon and thus are actionable as false statements of fact, or at the very least, actionable mixed expressions of opinion.

Generally, "statements of pure opinion are protected from defamation actions by the First Amendment." *Turner v. Wells*, 879 F.3d 1254, 1262 (11th Cir. 2018). "Under Florida law, a defendant publishes a 'pure opinion' when the defendant makes a comment or opinion based on facts which are set forth in the publication or which are otherwise known or available to the reader

**THE LOMNITZER LAW FIRM, P.A.**
7999 N. Federal Hwy, Suite 202, Boca Raton, FL 33487 ● Telephone (561)953-9300● Fax (561)953-3455

or listener as a member of the public." *Id.* Statements of pure opinion are generally not actionable as defamation because, unlike a statement of fact, a statement of pure opinion is not readily capable of being proven false. *Williamson v. Digital Risk, Inc.*, No. 18-cv-767, 2018 U.S. Dist. LEXIS 137898, 2018 WL 3870064, at *4 (M.D. Fla. Aug. 15, 2018).

"A speaker cannot invoke a 'pure opinion' defense, however, if the facts underlying the opinion are false or **inaccurately presented**." *Hadley v. Perez*, No. 25-cv-22162-BLOOM/Louis, 2026 U.S. Dist. LEXIS 82042, at *41 (S.D. Fla. Apr. 14, 2026) (internal citations omitted).

"A mixed expression of opinion is actionable if it implies the allegation of undisclosed defamatory facts as the basis of the opinion." *Id.* "Even if the speaker states the facts  upon which he bases his opinion,  if those facts are either incorrect or incomplete, or if his assessment of them is erroneous, the statement may still imply a false assertion of fact. Simply couching such statements in terms of opinion does not dispel these implications; and the statement, "In my opinion Jones is a liar," can cause as much damage to reputation as the statement, "Jones is a liar."" *Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 18-19, 110 S. Ct. 2695, 2706 (1990).

Defendant's statements labeling Plaintiff as a *"butcher"* or *"the Bolton butcher"* are not mere expressions of personal belief or opinion, rather, these statements convey the factual assertions that Plaintiff is an unskilled surgeon that performs botched procedures. Defendant made such statements falsely holding himself out to have first-hand knowledge of medical industry standards, procedures, and best practices – despite the contrary - at the very least implies the existence of verifiable facts that are demonstrably false.  The factual assertions that Plaintiff is an unskilled surgeon that performs botched procedures, couched in the form of opinion, are objectively verifiable as false and therefore subject to proof or disproof at trial. Defendant has no experience or knowledge in this surgical field, thus his "opinion" that he shares with others is

**THE LOMNITZER LAW FIRM, P.A.**
7999 N. Federal Hwy, Suite 202, Boca Raton, FL 33487 ● Telephone (561)953-9300● Fax (561)953-3455

based are false and presented with inaccurate statements. Defendants cannot now escape an action for defamation by merely labeling the aforementioned statements as opinion.

Defendant alternatively contends that his statements are protected rhetorical hyperbole. However, "speech that is protected as "rhetorical hyperbole" must consist of the sort of loose, figurative language that no reasonable person would believe presented facts." *Stern v. John M. O'Quinn & John M. O'Quinn & Assocs. Pllc*, No. 07-60534-CIV-DIMITROULEAS, 2008 U.S. Dist. LEXIS 141442, at *20 (S.D. Fla. Aug. 7, 2008)(citing Horsley v. Feldt, 304 F.3d 1125, 1132-33 (11th Cir. 2002)). The term *butcher* used in reference to a surgeon is widely understood as an indication that the surgeon performs botched procedures in a reprehensible and appalling manner.

At this early stage in the litigation and construing all facts and all reasonable inferences in the light most favorable to the Plaintiff, the Court must find that Defendant's false statements of fact could convey to a reasonable person the impression that it describes actual facts about the Plaintiff or the quality of his work.  Additionally, this type of factual determination is not appropriate at the motion to dismiss stage and is more appropriate for determination on a motion for summary judgment or at trial, after the parties have had the opportunity to conduct discovery and more fully supplement the record**.** Plaintiffs have alleged that Defendant made false, factual assertions - presented to the public as statements of truth - accusing Plaintiffs of professional misconduct and incompetency. These statements are actionable as defamation under Florida law, and Defendant's attempt to now rebrand them as "opinions" or "hyperbole" must be rejected. Accordingly, Defendant's request to dismiss Plaintiffs' claims for defamation should be denied.

**3. Plaintiffs Sufficiently Pled Actual Malice Despite the Fact Plaintiff is Not a Public Figure**

**THE LOMNITZER LAW FIRM, P.A.**
7999 N. Federal Hwy, Suite 202, Boca Raton, FL 33487 ● Telephone (561)953-9300● Fax (561)953-3455

Defendant's next contention, that the FAC fails to demonstrate the requisite degree of fault, is also an improperly raised factual issue that may not be determined at this stage in the proceedings. Notwithstanding, Plaintiff, though not required to as Plaintiff is not a public figure, has adequately pled actual malice. *See Stern,* 2008 U.S. Dist. LEXIS 141442, at \*21-22 (the Court agreed with Plaintiff that the general allegations that the Defendants acted with actual malice with respect to each of the alleged defamatory statements was sufficient to conform with the notice pleading standards of Rule 8(a) of the Federal Rules of Civil Procedure; and found Defendants arguments in this respect are more appropriate for disposition on a motion for summary judgment).

Defendant asserts that Plaintiff is a limited public figure for two reasons 1) Dr. Bolton claims to be an expert in his field; and 2) Dr. Bolton operates in a highly regulated field. These assertions are unfounded as they in no way relate to the standard for determining a limited public figure. Specifically, when assessing if a plaintiff is a limited public figure, "courts consider two questions: (1) whether plaintiffs "have greater access to the media which gives them a more realistic opportunity to counteract false statements than private individuals normally enjoy;" and (2) whether plaintiffs have "voluntarily placed themselves in a position and acted in a manner which invited public scrutiny and comment." Hadley, 2026 U.S. Dist. LEXIS 82042, at \*48 (citing *Silvester v. American Broadcasting Cos.*, 839 F.2d 1491, 1494 (11th Cir. 1988)).

Plaintiff is not a limited public figure as he possesses no greater access to the media than normal individuals, nor Defendant himself, such that he is better able to counteract a false narrative. Plaintiff's career as a surgeon in no way bolsters his access to the media, nor provides him with a greater platform to be heard than any other individual or profession. Additionally, Plaintiff did not voluntarily place himself in a position or act in a manner which invited public scrutiny and comment, as his actions were those of a private physician taken with respect to a

private individual. At this stage and taking the facts in the light most favorable to Plaintiff, there is nothing to indicate that Dr. Bolton took actions which invited public scrutiny and comment, therefore Defendant's Motion to Dismiss for these reasons should be denied.

Moreover, even if the Court were to find that Dr. Bolton is a public figure, actual malice is plainly alleged in the FAC. "To plead actual malice, a plaintiff must allege facts sufficient to give rise to a reasonable inference that the false statement was made with knowledge that it was false or with reckless disregard of whether it was false or not." *Id.* at 50. Here, Plaintiff did precisely that. The FAC alleges that Defendant's statements "were knowingly false and were intentionally published" or were "published with reckless disregard." FAC ¶ 56. Thus, even if the Court were to determine that Dr. Bolton is a public figure, he still would have properly alleged actual malice as required.

### B. PLAINTIFFS' TORTIOUS INTERFERENCE CLAIM IS BASED ON FACTS INDEPENDENT OF THE DEFAMATION CLAIMS, THUS THE SINGLE ACTION DOCTRINE IS INAPLLICABLE

Plaintiff's claim for tortious interference survives the single action rule because the cause of action is premised on actions by the Defendant entirely distinct from the defamatory statements. "Recovery for separate causes of action is proper when they are properly pled upon  the existence of independent facts." *Klayman v. Judicial Watch, Inc.*, 22 F. Supp. 3d 1240, 1256-57 (S.D. Fla. 2014) ((citing Fridovich, 598 So. 2d at 70; and Brown v. Suncoast Beverage Sales, LLP, No. 2:09-cv-498-FtM-29DNF, 2010 U.S. Dist. LEXIS 11769, 2010 WL 555675, at *3 (M.D. Fla. Feb. 10, 2010) (permitting plaintiff's claim for intentional infliction of emotional distress to proceed because it did not rely *solely* on the defamation claim where the complaint included allegations of race discrimination, wrongful termination, and unequal treatment)).

**THE LOMNITZER LAW FIRM, P.A.**
7999 N. Federal Hwy, Suite 202, Boca Raton, FL 33487 ● Telephone (561)953-9300● Fax (561)953-3455

As pled in the FAC, Defendant has intentionally engaged in conduct, apart from the defamatory posting, targeting potential clients of Plaintiffs' and encouraging these potential clients to cancel their surgeries or otherwise cease communications with Plaintiff's practice. FAC ¶ 23. Numerous potential clients of Plaintiffs did in fact cancel or otherwise cease seeking services from Plaintiff. *Id.* ¶ 66.  This conduct by Defendant is a specific attempt to harm Plaintiffs' business directly, apart from his attempts to harm their reputation, and is independent of the specific posts on which Plaintiffs' defamation claims are premised – as he intentionally sought out potential consumers of Plaintiff not just a general post. Defendant's attempt to characterize their entire online Reddit presence as one singular act is merely an attempt to mischaracterize and minimize the various avenues, actions and manners in which Defendant has caused separate and distinct harm to Plaintiffs.

At this stage, the Court must accept the FAC's well-pled allegations as true and construe them in the light most favorable to Plaintiffs, including Plaintiffs' allegations that their tortious interference claim rests on facts and conduct distinct from Defendant's defamatory statements. Accordingly, Defendant's Motion to Dismiss on these grounds should be denied.

C. **PLAINTIFFS' AMENDED COMPLAINT ADEQUATELY PLEADS BREACH OF ORAL CONTRACT AND NO ALLEGATIONS THEREIN CONTRADICT ALLEGATIONS SET FORTH IN THE ORIGINAL COMPLAINT**

1. **The Allegations in the Amended Complaint Are Not Contradictory to the Allegations in the Initial Complaint**.

Plaintiffs' original Complaint and FAC both state a claim for breach of the *oral agreement,* and both adequately demonstrate that an oral contract was formed by the parties. Plaintiffs' original Complaint attached *representative* text message communications between the parties discussing the potential agreement. These text messages were not asserted to be a conclusive embodiment of

the oral agreement, but rather evidence to demonstrate the existence of the previously formed oral contract, as an oral agreement need not be memorialized in writing.

"The weight of federal authority suggests that previous complaints filed in the same action are generally not considered by the court on a motion to dismiss the amended complaint." *Goldstein v. Firer*, 2022 U.S. Dist. LEXIS 238274, at 3 (S.D. Fla. May 2, 2022) (internal citations omitted). As noted by Defendant, prior pleadings should be considered *only* "where the amended pleading is a transparent attempt to avoid a dispositive defense raised by the defendant and the amended complaint **directly contradicted** the original complaint." *Id.*

None of the allegations contained in the FAC contradict any allegation contained in the original Complaint. The FAC merely omits reference to the text messages, that were originally included only in support of the existence of the oral contract, to more clearly allege the terms of the oral contract and the facts surrounding the breach of the same. *See id.* at 7 (the Court in *Goldstein* finding the allegations in the Amended Complaint are not contradictory by their very nature, rather they more clearly specify the allegations in Plaintiff's cause of action, and in turn denying Defendant's motion to dismiss).

Here, Plaintiffs do not in the FAC deny the existence of the text messages discussing the existence of the parties' previously formed oral agreement, rather the FAC omits them at the pleading stage to maintain directness of the actual claims raised and Plaintiffs contend that Plaintiffs will produce the messages in entirety during discovery, but are not yet in possession of the entirety of the full thread of messages. Therefore, because no allegations of the original Complaint are contradicted by the FAC, Defendant's motion to dismiss for these reasons should

**THE LOMNITZER LAW FIRM, P.A.**
7999 N. Federal Hwy, Suite 202, Boca Raton, FL 33487 ● Telephone (561)953-9300● Fax (561)953-3455

be denied and Defendant's request this Court issue an order to show cause should be stricken.[1] *See Rubinstein v. Keshet Inter Vivos Tr.*, 2017 U.S. Dist. LEXIS 218823, at \*8-9 (S.D. Fla. Nov. 1, 2017) (the Court noting where amendment may weaken one of the defendants' dispositive defenses, that cannot foreclose the plaintiffs from remedying their original complaint when the allegations are not contradictory because otherwise, a defendant could always assert a plethora of defenses to an original pleading, argue that any amendment would weaken those defenses, and always defeat a plaintiff's motion to amend).

**2. Plaintiffs have Adequately Pled their Cause of Action for Breach of Oral Contract**

Plaintiff's FAC sufficiently pled, and Plaintiffs will be able to demonstrate through the course of discovery that an enforceable oral contract was formed and then breached by Defendant.

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The plausibility standard calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of the claim. *Williams v. Mia.-Dade Cty.*, 796 F. Supp. 3d 1125, 1129 (S.D. Fla. 2024) (internal citations omitted). Moreover, a motion to dismiss for failure to state a claim merely tests the sufficiency of the complaint; it does not decide the merits of the case. *Milburn v. United States*, 734 F.2d 762, 765 (11th Cir. 1984).

---

[1] Defendant's request that this Court enter an order to show cause why Plaintiffs and their counsel should not be sanctioned in an effort to avoid a defense of Defendant's is improper to be included in their Motion to Dismiss or ruled upon at this time, as Defendant's request must be brought forth by separate Motion for Rule to Show Cause or in compliance with the requirements set forth in F.R.C.P. Rule 11.

**THE LOMNITZER LAW FIRM, P.A.**
7999 N. Federal Hwy, Suite 202, Boca Raton, FL 33487 ● Telephone (561)953-9300● Fax (561)953-3455

Here, Defendant's Motion to Dismiss attempts to improperly raise a factual question, the creation and enforceability of the oral contract, rather than test the sufficiency of the FAC. However, the FAC adequately demonstrates that an oral contract was formed by the parties. The FAC alleges that Plaintiffs and Defendant formed a valid and legally enforceable oral contract for the deletion and cessation of Defendant's defamatory postings in exchange for Plaintiffs' agreement not to bring legal action against Defendant – in which Defendant agreed to delete all prior posts, reviews, and statements made concerning Plaintiffs and to refrain from making any further posts concerning Plaintiffs. FAC ¶¶ 30-31. Mutual assent to these terms is alleged in the FAC, as evidenced by Defendant's initial performance of the agreement. *See* id. at ¶ 32. Plaintiffs further allege that Defendant breached this agreement shortly thereafter by continuing to make defamatory posts concerning the Plaintiffs, causing harm to Plaintiffs. *See* id. at ¶¶33-35. Therefore, these facts as alleged in the Complaint, are sufficient to state a claim to relief that is plausible on its face and survive Defendant's Motion to Dismiss and will only be further supported with communications to be produced through discovery.

Defendant further argues that oral contract is subject to the Statute of Frauds as it lasts more than one year. However, Defendant incorrectly characterizes the rule as judging the duration of the agreement rather than when performance was made. Here, performance was to be made immediately after the contract was formed, (which it was) thus precluding it from the writing requirement of the Statute of Frauds.

In pertinent part, Florida Statute section 725.02 provides "No action shall be brought… upon any agreement that is not to be performed within the space of 1 year from the making thereof…unless the agreement or promise upon which such action shall be brought…shall be in writing and signed by the party to be charged." Courts have consistently held that "judging

**THE LOMNITZER LAW FIRM, P.A.**
7999 N. Federal Hwy, Suite 202, Boca Raton, FL 33487 ● Telephone (561)953-9300● Fax (561)953-3455

from the time the oral contract of indefinite duration is made, if the contract's full performance <u>is possible</u> within one year from the inception of the contract, then it falls outside the statute of frauds. *Browning v. Poirier,* 165 So. 3d 663, 666 (Fla. 2015) (internal citations omitted). Stated alternatively, "[t]he general rule is that an oral contract for an indefinite time is ***not*** barred by the Statute of Frauds. Only if a contract could not possibly be performed within one year would it fall within the statute." *Acoustic Innovations, Inc. v. Schafer*, 976 So. 2d 1139, 1143 (Fla. Dist. Ct. App. 2008) (quoting *Byam v. Klopcich*, 454 So. 2d 721 (Fla. 4th DCA 1984)).

Here, the parties' oral contract was performed immediately by both parties – Defendant began the deletion of posts concerning Plaintiffs and Plaintiffs refrained from bringing legal action against Defendant. FAC ¶ 32. Therefore, not only was performance possible within one year, but in fact performance was made immediately after the agreement was entered into. The fact the agreement – had it not been breached by Defendant – could have lasted more than one year is irrelevant to the Statute of Frauds analysis – and thus this oral contract need not be memorialized in writing to be enforceable.

Therefore, as Plaintiff's well-plead allegations conclusively demonstrate an enforceable oral contract existed, the Court must accept these allegations as true, and deny Defendant's Motion to Dismiss.

### D. FLORIDA'S ANTI-SLAPP STATUTE IS INAPLLICABLE AS THE INSTANT MATTER IS NOT ONE OF PUBLIC CONCERN

The fee shifting provision of Florida's Anti-SLAPP laws is inapplicable here, and Defendant's claim for attorney's fees should be denied as this case does not meet either requirement of Florida's Anti-SLAPP statute. "Florida's anti-SLAPP statute prohibits a person from filing a cause of action "against another person or entity without merit and primarily because such person or entity has

exercised the constitutional right of free speech in connection with a public issue[.]" Fla. Stat. § 768.295(3); *see also* Fla. Stat. § 768.295(2)(a) (defining "[f]ree speech in connection with public issues" as "any written or oral statement that is protected under applicable law and . . . is made in or in connection with a . . . magazine article, musical work, news report, or other similar work."). *Isaac v. Twitter, Inc.*, 557 F. Supp. 3d 1251, 1261 (S.D. Fla. 2021).

For all the reasons stated herein, this lawsuit is brought by Plaintiffs in good faith, and with merit as Plaintiffs' FAC states plausible causes of action that will be further supported by discovery. Moreover, Plaintiffs in no way seek to infringe on Defendants First Amendment rights, but rather Plaintiffs solely seek to enjoin Defendant from further published defamatory statements concerning Plaintiffs, and to remedy the harm already caused to Plaintiffs by Defendant's conduct.

Secondly, Defendant has not engaged in free speech in connection with public issues here. Defendant clearly has no regard for the public interest in making these false, misleading and vindicative statements, as he spreads inaccurate and defamatory information regarding Plaintiffs results, practices and procedures in an attempt to misinform the public in furtherance of his own personal vendetta against Plaintiffs in order to get his money back that was paid for his surgery. *See* FAC ¶¶ 19-23. In fact, Defendant's entire online campaign against Plaintiffs is a vindicative attempt to intentionally harm Plaintiffs' reputation, career and business for personal gain as defamatory statements were clearly made in an effort to attempt to extort a refund of the monies paid for the surgery. *Id.* Specifically, Defendant communicated to Plaintiff that he would continue posting on social media unless DR. BOLTON refunded monies paid for the surgery. *Id.* Additionally, Defendant's speech at issue here was not made in connection with a magazine article, musical work, news report, or other similar work, but rather was made in reference to a procedure performed by a private physician taken with respect to a private individual.

**THE LOMNITZER LAW FIRM, P.A.**
7999 N. Federal Hwy, Suite 202, Boca Raton, FL 33487 ● Telephone (561)953-9300● Fax (561)953-3455

Therefore, when taking these allegations as true and in the light most favorable to Plaintiffs, the allegations contained in the FAC are both meritorious and show that Defendant's conduct was not in furtherance of a public interest – but rather was an attempt at furthering his own personal vendetta against Plaintiffs. Therefore, Florida's Anti-SLAPP statute is inapplicable here and Defendant's request to invoke the statute's fee-shifting provisions must be denied.

### E.  CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss should be denied in its entirety. Plaintiffs have more than adequately alleged facts supporting each element of their claims and have properly plead their prayer for the requested relief. Defendants' arguments are facially devoid of substance and rest on mischaracterization of the defamatory statements and misapplication of the applicable standards and jurisprudence at this stage. At the very least, Defendants' arguments raise factual disputes that cannot be resolved at this stage of litigation.

At this juncture, all well-pled allegations must be accepted as true and construed in Plaintiffs' favor. Because the Amended Complaint sets forth detailed factual allegations demonstrating actionable and plausible causes of action and adequate requests for relief, dismissal is wholly unwarranted. Accordingly, Plaintiffs respectfully request that this Court deny Defendants' Motion to Dismiss, strike Defendant's request for order to show cause, and grant such other and further relief as the Court deems just and proper.

WHEREFORE, Plaintiffs, BOLTON MANAGEMENT, LLC and DR. BRETT BOLTON, respectfully request that the Court deny Defendant Bryan Gile's, Motion to Dismiss in its entirety, strike Defendant's request for order to show cause and grant such other relief as the Court deems just and proper.

**THE LOMNITZER LAW FIRM, P.A.**
7999 N. Federal Hwy, Suite 202, Boca Raton, FL 33487 ● Telephone (561)953-9300● Fax (561)953-3455

Dated: July 27, 2026

Respectfully Submitted,

By: /s/KELLY ANN M. DESROSIERS
Kelly Ann M. desRosiers, Esq.
Florida Bar No. 1017878
Kelly@Lomnitzerlaw.com
Lorri Lomnitzer, Esq.
Florida Bar No. 37632
Lorri@Lomnitzerlaw.com
The Lomnitzer Law Firm, P.A.
7999 N Federal Hwy. Suite 202
Boca Raton, FL 33487
Telephone: (561) 953-9300
Direct: (561) 953-9301
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY the foregoing has been filed on this 27th day of July 2026, utilizing the CM/ECF.

Respectfully Submitted,

By: /s/KELLY ANN M. DESROSIERS
Kelly Ann M. desRosiers, Esq.
Florida Bar No. 1017878
Kelly@Lomnitzerlaw.com
Lorri Lomnitzer, Esq.
Florida Bar No. 37632
Lorri@Lomnitzerlaw.com
The Lomnitzer Law Firm, P.A.
7999 N Federal Hwy. Suite 202
Boca Raton, FL 33487
Telephone: (561) 953-9300
Direct: (561) 953-9301
*Attorneys for Plaintiffs*